O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MA MOUA LOR, | ) | NO. EDCV 06-00363-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on April 14, 2006, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on May 5, 2006. Plaintiff filed a motion for summary judgment on October 6, 2006.

Defendant filed a cross-motion for summary judgment on December 7, 2006. The Court has taken both motions under submission without oral argument. See L.R. 7-5; "Order," filed April 18, 2006.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

In 2000, an Administrative Law Judge ("ALJ") found Plaintiff not disabled (Administrative Record ("A.R.") 24-34) ("prior ALJ's decision"). In the present case, decided in 2005, a different ALJ again found Plaintiff not disabled (A.R. 13-23). This ALJ determined that Plaintiff has the residual functional capacity for heavy work with certain restrictions (A.R. 22). In 2004, a friend of Plaintiff named Steve Her signed a "Function Report" in which Mr. Her reported that Plaintiff has a capacity far less than a capacity for heavy work (A.R. 153-61). The ALJ's decision in the present case fails to mention the report of Mr. Her (A.R. 13-23). The Appeals Council denied review (A.R. 4-6).

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

///
///
///

**DISCUSSION**

"[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition". Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993); 20 CFR § 404.1513(e)(2) ("[o]bservations by non-medical sources" "may also help us to understand how your impairment affects your ability to work"); see also Regennitter v. Commissioner, 166 F.3d 1294, 1298 (9th Cir. 1999)(in evaluating the credibility of a claimant's assertions of functional limitations, the ALJ must consider lay witnesses' reported observations of the claimant).

Most of the above-cited authorities speak in terms of the "testimony" of lay witnesses. The standards discussed in these authorities, however, would appear equally applicable to the written statements submitted in this case. Cf. Schneider v. Commissioner, 223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ should have considered letters submitted by claimant's friends and ex-employers in evaluating severity of claimant's functional limitations).

The ALJ erred in failing even to mention the statements of Mr. Her. In attempted avoidance of this conclusion, Defendant asserts that the ALJ "met his obligation to provide reasons germane to the witness for rejecting lay witness testimony" by "adopting the findings from the prior decision." ("Memorandum in Support of Defendant's Cross-Motion etc." at 5). Defendant's assertion is nonsensical. Not only is the prior ALJ's decision bereft of any mention of Mr. Her, but
///

the prior decision pre-dates Mr. Her's 2004 statements by more than three years.[1]

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."  INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

**CONCLUSION**

For all of the foregoing reasons,[2] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is

///

///

///

///

---

[1] The prior ALJ's decision does say that "a family friend testified that the claimant does nothing but sit around all day and wait for her children to come home from school." (A.R. 31).  It is uncertain on this record whether this "family friend" was Steve Her.  It is certain, however, that the referenced testimony could not have been the written report prepared by Mr. Her more than three years later.

[2] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that a reversal with a directive for the immediate payment of benefits would not be appropriate.

4

remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  December 20, 2006.

                                        _____/s/_____
                                             CHARLES F. EICK
                                UNITED STATES MAGISTRATE JUDGE